UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- X
BAYONNE KALI,

                Plaintiff,

   -against-

EQUIFAX,

                Defendant.
------------------------------------------------------- X

Case No. 1:24-cv-7296

**NOTICE OF REMOVAL**

      Defendant Equifax Information Services LLC, incorrectly identified as Equifax ("Equifax"), by its attorneys and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, removes this case from the Civil Court of the City of New York, County of Kings, to the United States District Court for the Eastern District of New York. In support of its Notice of Removal, Equifax states as follows:

**BACKGROUND AND TIMELINESS**

      1.     On or about September 25, 2024 Bayonne Kali ("Plaintiff") commenced a civil action against Equifax by filing a Complaint in the Civil Court of the City of New York, County of Kings, entitled *Bayonne Kali v. Equifax,* Index No. CV-021426/24/24.

      2.     Equifax was served with Plaintiff's Complaint on September 27, 2024. True and correct copies of the Summons and Complaint, together with all process, pleadings, and orders served upon or by Equifax, are attached as **Exhibit A[1]**. These documents constitute all "process,

---

[1] Counsel for Defendant Equifax attempted to retrieve the complete docket of this matter pending before the Civil Court of the City of New York, Kings County. The Court was unable to provide the case file and provided that they are considerably backlogged due to their ongoing restructuring process. Equifax will supplement this filing with the complete case file from the state court upon receipt of same.

pleadings, and orders" served upon Equifax in the state court action as required by 28 U.S.C. § 1446(a).

3. This Notice of Removal is timely, as Equifax has filed this Notice of Removal within thirty days of service. *See* 28 U.S.C. § 1446(b).

**THIS CASE IS REMOVABLE BASED UPON FEDERAL QUESTION JURISDICTION**

5. In his Complaint, Plaintiff purports to bring claims arising out of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (*See* Exhibit A, Complaint, ¶ 1.) Plaintiff seeks relief in the form of statutory and actual damages, for alleged injuries, damages, and harm, as punitive damages. (*See* Exhibit A, Complaint.)

6. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

7. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This is because Plaintiff alleges that Equifax violated the FCRA, which is a federal law. *Id.*

8. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

**VENUE AND NOTICE TO STATE COURT**

9. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because this action is pending in the Civil Court of the City of New York, County of Kings, venue, for purposes

of removal, is proper in this Court pursuant to 28 U.S.C. §§ 1441 and 1446(a). Equifax, therefore, removes this action to the United States District Court for the Eastern District of New York.

10. Promptly upon the filing of this Notice of Removal, Equifax shall file a Notice of Filing of Removal to Federal Court, together with a copy of the Notice of Removal, with the Civil Court of the City of New York, County of Kings, and will serve a copy thereof on Plaintiff through his counsel, pursuant to 28 U.S.C. 1446(d). A copy of this Notice (without exhibits) is attached hereto at **Exhibit B**.

## CONCLUSION

11. Equifax submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages he seeks may be properly sought).

12. Should Plaintiff seek to remand this case to state court, Equifax respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Equifax asks that the Court retain jurisdiction and allow Equifax to file a motion asking this Court to certify any remand order for interlocutory review by the Second Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

13. Based on the foregoing, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 due to Plaintiff's FCRA claims. Therefore, the Court properly may exercise jurisdiction over this lawsuit. *See* 28 U.S.C. § 1441.

WHEREFORE, Equifax submits that this action properly is removable based on original federal question jurisdiction and respectfully requests that the above-described action pending

against it be removed to the United State District Court for the Eastern District of New York. Equifax also requests all other relief, at law or in equity, to which it justly is entitled.

DATED: October 17, 2024  Respectfully submitted,

**SEYFARTH SHAW LLP**

By:*/s/ Adam T. Hill*
  Adam T. Hill
  ahill@seyfarth.com
  SEYFARTH SHAW LLP
  233 South Wacker Drive
  Suite 8000
  Chicago, Illinois  60606-6448
  Tel:  (312) 460-5000
  Fax:  (312) 460-7000

  *Attorneys for Defendant*
  *Equifax Information Services LLC, incorrectly*
  *identified as Equifax*

## **CERTIFICATE OF SERVICE**

I certify that on October 17, 2024, I presented foregoing NOTICE OF REMOVAL for filing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record

*/s/ Adam T. Hill*
Adam T. Hill

*Attorneys for Defendant*
*Equifax Information Services LLC, incorrectly*
*identified as Equifax*